UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA and
ANGELA D'ANNA, ex rel

    Plaintiffs,

v.                                                        Case No: 2:14-cv-437-FtM-38CM

LEE MEMORIAL HEALTH
SYSTEM,

    Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Rule 26(c) Motion to Stay Discovery and Incorporated Memorandum of Law filed on December 21, 2018. Doc. 103. Plaintiff-Relator Angela D'Anna ("Relator") filed a response in opposition on January 4, 2019. Doc. 106. Defendant requests that the Court stay discovery pending the Court's ruling on its motion to dismiss filed on November 12, 2018. Doc. 103 at 1; *see* Doc. 86. For the reasons stated below, the motion is denied.

On August 8, 2014, Relator filed this case against Defendant pursuant to the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et. seq.*, alleging violations of the FCA and 42 U.S.C. § 1395nn (the "Stark Law"). Doc. 1. On July 28, 2017, Relator filed an Amended Complaint, alleging that Defendant violated the Stark Law by paying physicians illegal referral fees and financial incentives under compensation arrangements that exceeded fair market value and were "commercially

unreasonable in the absence of referrals." Doc. 36 ¶¶ 1-3. Defendant allegedly paid the excessive compensation to certain physicians and then "knowingly submit[ted] false claims to government payers [Medicare and Medicaid] related to referrals from such specialists in violation of the FCA." *Id.* ¶ 4. The Court unsealed the Amended Complaint on August 27, 2018. Doc. 50. On November 12, 2018, Defendant filed a motion to dismiss, with its principal argument that Relator failed to plead the fraud allegations with the required particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *See* Doc. 86 at 1, 9-23.

The parties filed a Case Management Report ("CMR") on December 21, 2018, stating that the "parties' agreement is conditioned upon the dates and plan being modified in the event the Court grants the Defendant's Motion to Stay Discovery[.]" Doc. 105 at 1. A preliminary pretrial conference is set for January 9, 2019 at 10:30 a.m. Doc. 92. Defendant filed its motion to stay discovery on December 21, 2018. Doc. 103. Rule 26 of the Federal Rules of Civil Procedure allows the Court to stay discovery in certain circumstances, but the moving party bears the burden of establishing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Further, the Middle District Discovery Handbook explains that the pendency of motions like the motion for summary judgment filed by Defendant ordinarily does not constitute good cause to grant a stay:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2015) at 5-6.

When determining whether to stay discovery, however, the Court also must balance the harm produced by any delay with the possibility that the motion will be granted and eliminate the need for discovery. *McCabe*, 233 F.R.D. at 685. Thus, the Court must take a "preliminary peek" at the merits of the pending dispositive motion to see whether it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and quotation marks omitted).

To that end, the Court has reviewed the pleadings, Defendant's motion to dismiss and Relator's response to determine whether "unusual circumstances" are present; whether Defendant has made a "specific showing of prejudice or undue burden" to justify the stay; and whether Defendant's motion is "clearly meritorious." *See id.* The Court concludes Defendant has failed to meet its burden in these respects. Here, the Court finds Defendant is not prejudiced by proceeding with discovery because Relator seeks only production of Defendant's initial disclosures "and the documents Defendant has already produced to the government during the government's investigation of the underlying claims" while the motion to dismiss is pending.[1] *See* Doc. 106 at 8, 10. Defendant's motion also is not so "clearly meritorious and truly case dispositive" that it warrants an indefinite stay of discovery. Even if the motion to dismiss is granted, Relator will likely be given leave to amend to plead the fraud allegations with more particularity under Rule 9(b) of

---

[1] The Court notes that Relator has served no discovery on Defendant to date. *See* Doc. 106 at 7.

the Federal Rules of Civil Procedure.  *See Miller's Ale House, Inc. v. DCCM Restaurant Group, LLC*, No. 6:15-cv-1109-Orl-22TBS, 2015 WL 6123984, at *2 (M.D. Fla. Oct. 16, 2015) (stay of discovery inappropriate where "it is likely Plaintiff will be given leave to amend" even if a motion to dismiss is granted).  Thus, the Court finds a stay of discovery inappropriate.

ACCORDINGLY, it is

**ORDERED:**

Defendant's Rule 26(c) Motion to Stay Discovery and Incorporated Memorandum of Law (Doc. 103) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record