**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* | ) | |
| **ANGELA D'ANNA,** | ) | |
| | ) | |
| **Relator,** | ) | **Case No. 2:14-cv-437-SPC-NPM** |
| **vs.** | ) | |
| | ) | |
| **LEE MEMORIAL HEALTH SYSTEM** | ) | |
| **and CAPE MEMORIAL HOSPITAL, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO RELATOR'S THIRD AMENDED COMPLAINT**

Defendants Lee Memorial Health System and Cape Memorial Hospital, Inc. (collectively "Defendants"), by and through their attorneys, respond to the Relator's Third Amended Complaint ("TAC") as follows:

As to the unnumbered introductory paragraph of the TAC, Defendants deny that they made or caused to be made any false or fraudulent claims to be submitted to the government based on referrals generated by employed physicians, or that they unlawfully retained or withheld any overpayment; as to the remaining allegations, state that such allegations state legal conclusions to which no response is required; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

**NATURE OF THIS ACTION**

1. Answering ¶ 1, admit the statutory bases for this action, but deny that Defendants submitted or caused to be submitted any false claims to Medicare and Medicaid from 2005 to 2014, or that they unlawfully retained or withheld any overpayments; as to the remaining

allegations in this paragraph, state that such allegations state legal conclusions to which no answer is required; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

2.   Answering ¶ 2, deny each and every allegation stated therein.

3.   Answering ¶ 3, deny each and every allegation stated therein.

4.   Answering ¶ 4, deny each and every allegation stated therein.

5.   Answering ¶ 5, deny each and every allegation stated therein.

## JURISDICTION AND VENUE

6.   Answering ¶ 6, admit the statutory bases for jurisdiction of this action; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation Relator is an original source or otherwise authorized to maintain this action; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

7.   Answering ¶ 7, admit.

8.   Answering ¶ 8, admit.

9.   Answering ¶ 9, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated therein and therefore deny each and every allegation.

## THE PARTIES

**A.  Plaintiffs:  Relator and the United States**

10.  Answering ¶ 10, admit that Relator was employed by Lee Health during the time frames approximately set forth therein; admit that during the term of her employment that she was a certified public accountant; deny that Relator was an expert in physician compensation and hospital billing; lack knowledge or information sufficient to form a belief as to the truth

2

or falsity of Relator's employment prior to joining Lee Health or her duties, responsibilities or tasks performed during any such prior employment; admit that Relator met with other employees from time to time during the term of her employment; deny all contrary and inconsistent allegations; and deny each and every remaining allegation set forth therein.

11.   Answering ¶ 11, deny each and every allegation stated therein.

12.   Answering ¶ 12, admit that the United States is the real party in interest in actions brought under the False Claims Act; deny that Defendants made or caused to be made any false or fraudulent claims to be submitted to the government or that they unlawfully retained any overpayments sufficient to give rise to a cause of action against Defendants.

**B.   Defendants**

13.   Answering ¶ 13, admit that Lee Health is a public health care system created by special act of the Florida Legislature, Ch. 2000-439, Laws of Florida, Special Acts, 2000, and is a special purpose unit of local government; admit it is classified as an independent special district under the laws of the state of Florida, and that its special purpose is to operate a public health care system devoted to the provision of health care services to the community; admit Lee Health operates, controls and maintains public hospitals and other healthcare facilities under numerous fictitious names; affirmatively allege that Defendant Cape Memorial Hospital, Inc., is a separate legal entity which is incorporated under Florida Law; as to the remaining allegations in this paragraph, state that such allegations state legal conclusions to which no answer is required; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

14.   Answering ¶ 14, admit.

15.  Answering ¶ 15, admit that Defendant Cape Memorial Hospital, Inc., is a separate legal entity which is incorporated under Florida Law; admit that the Cape Memorial Hospital, Inc., Board of Directors is comprised of the same individuals that comprise the Board of Directors of Lee Health; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

16.  Answering ¶ 16, admit.

**C.  Relator's Knowledge of Defendants' Billing Processes and Submission of False Claims to the Government**

17.  Answering ¶ 17, admit that Relator had various titles including Director of Internal Auditing at Lee Health during her tenure as an employee; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

18.  Answering ¶ 18, admit that Relator issued the reports stated therein; deny that each of the reports addressed billing, coding or claims submission processes; deny that Relator personally performed or participated in all of the reviews or audits underlying the statements made in the reports; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

19.  Answering ¶ 19, admit the existence of a report dated September 30, 2004; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny same; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

20.  Answering ¶ 20, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and therefore deny each and every allegation stated therein.

21.  Answering ¶ 21, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and therefore deny each and every allegation stated therein.

22.  Answering ¶ 22, admit the existence of the report dated January 28, 2005, which report speaks for itself; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny the same; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

23.  Answering ¶ 23, admit the existence of the report dated July 19, 2005, which report speaks for itself; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny the same; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

24.  Answering ¶ 24, admit the existence of the report dated June 1, 2007, which report speaks for itself; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny the same; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

25.  Answering ¶ 25, admit the existence of the report dated November 20, 2007, which report speaks for itself; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny the

same; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

26.  Answering ¶ 26, lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations stated therein and therefore deny each and every allegation.

27.  Answering ¶ 27, admit the existence of the report dated October 9, 2012, which report speaks for itself; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny the same; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

28.  Answering ¶ 28, admit the existence of the report dated October 29, 2012, which report speaks for itself; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny the same; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

## STATUTORY AND REGULATORY PROVISIONS

### A.  The False Claims Act

29.  Answering ¶ 29, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the False Claims Act, which speaks for itself; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein .

30.  Answering ¶ 30, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the False Claims Act,

which speaks for itself; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

**B.  The Stark Law**

31.  Answering ¶ 31, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the Stark Law, which speaks for itself; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

32.  Answering ¶ 32, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the Stark Law, which speaks for itself; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

33.  Answering ¶ 33, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the Stark Law, which speaks for itself; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

34.  Answering ¶ 34, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the Stark Law, which speaks for itself; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

**C.  The Medicare Program**

35.  Answering ¶ 35, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes Title XVIII of the Social

Security Act, which speaks for itself; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

36. Answering ¶ 36, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes Title XVIII of the Social Security Act, which speaks for itself; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

37. Answering ¶ 37, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes federal regulations, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

38. Answering ¶ 38, deny each and every allegation stated therein.

39. Answering ¶ 39, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to participation in Medicare Part A, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

40. Answering ¶ 40, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to participation in Medicare Part A, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

41. Answering ¶ 41, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes federal regulations, which

speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

42. Answering ¶ 42, admit that Defendants participated in Medicare and Medicaid pursuant to a provider agreement and submitted claims for payment related to services provided to eligible beneficiaries; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

43. Answering ¶ 43; states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to Medicare Part A, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

44. Answering ¶ 44, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to Medicare Part A, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

45. Answering ¶ 45, deny each and every allegation stated therein.

46. Answering ¶ 46, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to Medicare Part A, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

47. Answering ¶ 47, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to

the Medicare Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

48.   Answering ¶ 48, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicare Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

49.   Answering ¶ 49, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicare Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

50.   Answering ¶ 50, admit that Defendants submitted cost reports to a Medicare Administrative Contractor; deny that any statements or certifications in such reports were false; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

51.   Answering ¶ 51, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicare Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

52.   Answering ¶ 52, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicare Part B, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

53. Answering ¶ 53, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to Medicare Part B, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

54. Answering ¶ 54, deny each and every allegation stated therein.

55. Answering ¶ 55, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to Medicare Part B, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

**D. The Medicaid Program**

56. Answering ¶ 56, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicaid Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

57. Answering ¶ 57, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicaid Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

58. Answering ¶ 58, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicaid Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

59.  Answering ¶ 59, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicaid Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

60.  Answering ¶ 60, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicaid Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

61.  Answering ¶ 61, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicaid Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

62.  Answering ¶ 62, deny each and every allegation stated therein.

63.  Answering ¶ 63, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes requirements applicable to the Medicaid Program, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

**E.  Medicare Reimbursement and Relative Value Units ("RVUs")**

64.  Answering ¶ 64, deny each and every allegation stated therein.

**THE SPECIFIC COMPONENTS OF DEFENDANTS' FRAUDULENT SCHEME**

65.  Answering ¶ 65, deny each and every allegation stated therein.

66. Answering ¶ 66, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the Stark Law and judicial interpretations of same, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

67. Answering ¶ 67, deny each and every allegation stated therein.

68. Answering ¶ 68, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the Stark Law, which speak for itself; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

69. Answering ¶ 69, deny each and every allegation stated therein.

70. Answering ¶ 70, deny each and every allegation stated therein.

71. Answering ¶ 71, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the Stark Law and judicial interpretations of same, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

72. Answering ¶ 72, deny each and every allegation stated therein.

73. Answering ¶ 73, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the Stark Law and judicial interpretations of same, which speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

74. Answering ¶ 74, deny each and every allegation stated therein.

**A. Neurosurgeons**

75.   Answering ¶ 75, deny each and every allegation stated therein.

76.   Answering ¶ 76, deny each and every allegation stated therein.

77.   Answering ¶ 77, admit that Lee Health entered into a written Employment Agreement with the listed physicians on or about October 1, 2005, which agreements speak for themselves; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny such allegations.

78.   Answering ¶ 78, admit that Lee Health entered into a written Employment Agreement with the listed physician on or about August 7, 2007, which agreement speaks for itself; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny such allegations.

79.   Answering ¶ 79, deny each and every allegation stated therein.

80.   Answering ¶ 80, deny each and every allegation stated therein.

81.   Answering ¶ 81, deny each and every allegation stated therein.

82.   Answering ¶ 82, deny each and every allegation stated therein.

83.   Answering ¶ 83, deny each and every allegation stated therein.

84.   Answering ¶ 84, deny each and every allegation stated therein.

85.   Answering ¶ 85, deny each and every allegation stated therein.

86.   Answering ¶ 86, admit that Price Waterhouse Coopers, LLP prepared a report on or about March 2009; deny that the report addressed the fair market compensation of any neurosurgeon; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

87.   Answering ¶ 87, admit that Price Waterhouse Coopers, LLP prepared a report on or about July 2009; deny that the report addressed the fair market compensation of any neurosurgeon; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

88.   Answering ¶ 88, deny each and every allegation stated therein.

89.   Answering ¶ 89, deny each and every allegation stated therein.

90.   Answering ¶ 90, admit that Lee Health entered into written amendments to existing compensation agreements with the neurosurgeons on or about January 1, 2010, which amendments speak for themselves; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

91.   Answering ¶ 91, deny each and every allegation stated therein.

92.   Answering ¶ 92, deny each and every allegation stated therein.

93.   Answering ¶ 93, deny each and every allegation stated therein.

94.   Answering ¶ 94, deny each and every allegation stated therein.

95.   Answering ¶ 95, deny each and every allegation stated therein.

96.   Answering ¶ 96, deny each and every allegation stated therein.

97.   Answering ¶ 97, deny each and every allegation stated therein.

98.   Answering ¶ 98, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated therein and therefore deny each and every allegation.

99.   Answering ¶ 99, admit that the audit was incomplete; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

100.  Answering ¶ 100, deny each and every allegation stated therein.

101.  Answering ¶ 101, deny each and every allegation stated therein.

**B.  Relator's Knowledge of Defendants' Billing Processes and Submission of False Claims to the Government**

102.  Answering ¶ 102, deny each and every allegation stated therein.

103.  Answering ¶ 103, deny each and every allegation stated therein.

104.  Answering ¶ 104, deny that Defendants knew it was paying neurosurgeons compensation in violation of the Stark Law; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated therein and therefore deny such allegations; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

**C.  Representative False Claims**

105.  Answering ¶ 105, deny each and every allegation stated therein.

106.  Answering ¶ 106, deny each and every allegation stated therein.

107.  Answering ¶ 107, deny each and every allegation stated therein.

108.  Answering ¶ 108, deny each and every allegation stated therein.

109.  Answering ¶ 109, deny each and every allegation stated therein.

110.  Answering ¶ 110, deny each and every allegation stated therein.

111.  Answering ¶ 111, deny each and every allegation stated therein.

112.  Answering ¶ 112, deny each and every allegation stated therein.

113.  Answering ¶ 113, deny each and every allegation stated therein.

**D.  Relator's Knowledge of Physician Referrals**

114.  Answering ¶ 114, states legal conclusions to which no response is required; to the extent a response is required, state that this paragraph characterizes the Stark Law, which

16

speaks for itself; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

115.  Answering ¶ 115, deny Relator possesses the alleged knowledge; deny that any of the alleged representative claims were false; as to the remaining allegations, state that such allegations state legal conclusions to which no response is required; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

116.  Answering ¶ 116, deny that any claims for professional services relate to false or fraudulent claims submitted or caused to be submitted by Lee Health to the government; as to the remaining allegations, such allegations state legal conclusions to which no response is required; deny all contrary and inconsistent allegations; and deny each and every remaining allegation stated therein.

117.  Answering ¶ 117, deny each and every allegation stated therein.

**E.  Representative False Statements**

118.  Answering ¶ 118, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated therein and therefore deny each and every allegation.

119.  Answering ¶ 119, deny that any certification made by Defendants was false; as to the remaining allegations, such allegations state legal conclusions to which no response is required; to the extent a response is required this paragraph characterizes provisions of the Medicare Program, which speak for themselves; deny all contrary allegations; and deny each and every remaining allegation stated therein.

120.  Answering ¶ 120, deny each and every allegation stated therein.

121.  Answering ¶ 121, deny each and every allegation stated therein.

## LEGAL CLAIMS FOR RELIEF

### COUNT ONE

**(False Claims Act:  Presentation of False Claims)**

**(31 U.S.C. § 3729(a)(1) now § 3729 (a)(1)(A))**

122.  Answering ¶ 122, incorporate by reference each of its responses to all paragraphs of the TAC as set forth fully herein.

123.  Answering ¶ 123, deny each and every allegation stated therein.

124.  Answering ¶ 124, deny each and every allegation stated therein.

125.  Answering ¶ 125, deny each and every allegation stated therein.

### COUNT TWO

**(False Claims Act:  Using False Statements to Get False Claims Paid)**

**(31 U.S.C. § 3729(a)(2) now § 3729 (a)(1)(B))**

126.  Answering ¶ 126, incorporate by reference each of its responses to all paragraphs of the TAC as set forth fully herein.

127.  Answering ¶ 127, deny each and every allegation stated therein.

128.  Answering ¶ 128, deny each and every allegation stated therein.

129.  Answering ¶ 129, deny each and every allegation stated therein.

130.  Answering ¶ 130, deny each and every allegation stated therein.

### COUNT THREE

**(False Claims Act:  False Record Material to Obligation to Pay)**

**(31 U.S.C. § 3729(a)(7) now § (a)(1)(G))**

131.  Answering ¶ 131, incorporate by reference each of its responses to all paragraphs of the TAC as set forth fully herein.

132.  Answering ¶ 132, deny each and every allegation stated therein.

133.  Answering ¶ 133, deny each and every allegation stated therein.

134.  Answering ¶ 134, deny each and every allegation stated therein.

WHEREFORE, Defendants request the following relief:

A.      Dismissal of Relator's Third Amended Complaint on the merits and with prejudice;

B.      For an award of all costs, disbursements, reasonable attorney's fees and expenses incurred by Defendants in this action, pursuant to 31 U.S.C. § 3730(g) and any other source; and

C.      For such other and further relief as this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Defendants intend to rely on the following Affirmative Defenses, if applicable and if supported by facts ascertained during the course of discovery.  By listing the following said Affirmative Defenses, Defendants do not intend to assume, and will not assume, any burden of proof that applicable law imposes upon Relator, and Defendants hereby intend to rely on the burden allocation delineated in said applicable law.

1.      Pursuant to Federal Rule of Civil Procedure 12(b)(6), Relators' claims fail to state claims upon which relief can be granted.

2.      Insofar as the Relator's causes of action in the TAC sound in fraud, the TAC fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

19

3.      Insofar as Relator's causes of action in the TAC are based on violations of the Stark Law, such causes of action fail because Relator failed to allege a benchmark of fair market value against which Defendants' compensation arrangements with the neurosurgeons' compensation could be tested for the applicable time period that Defendants allegedly submitted the representative false claims.

4.      Insofar as the TAC alleges a claim for damages, such damages are limited solely to claims paid in 2011 and 2012 for the three named neurosurgeons, which is the only time period and the only physicians for which Relator has attempted to allege a cause of action against Defendants.

5.      Any acts or claims alleged by Relator against Lee Health to have occurred on or before August 7, 2008, are barred by the applicable statute of limitations, 31 U.S.C. §3731(b)(1).

6.      Any acts or claims alleged by Relator against Cape Memorial Hospital, Inc., on or before March 20, 2013, are barred by the applicable statute of limitations, 31 U.S.C. § 3731(b)(1).

7.      The Court lacks jurisdiction over the allegations under the False Claims Act pursuant to 31 U.S.C. § 3730(e)(4)(A) because (1) the claims, allegations, and transactions described in the TAC were publicly disclosed prior to the filing and partial unsealing of the lawsuit; and (2) Relator is not an original source of the information as defined by 31 U.S.C. § 3730(e)(4)(B).

8.      The 2009 amendments to the False Claims Act, in the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, 123 Stat. 1617, cannot be applied retroactively to Relator's claims.

9.      The *qui tam* provisions of the False Claims Act that allow private citizens to prosecute an action on their own in the event the government declines intervention, 31 U.S.C. § 3730(b)(1), violate the Appointments Clause of the United States Constitution, art. II, § 2, cl. 2.

10.     Relator lacks standing to maintain any claims against Defendants on or after June 26, 2014, which is the date her employment with Defendants terminated.

11.     Alleged Stark Law violations based on claims submitted to a Medicare Advantage Program or a coordinated care plan fail as a matter of law because fair market value and commercial reasonableness requirements do not apply to Part C Plans such that physician compensation may be conditioned upon referrals.

12.     Defendants are immune from suit under the False Claims Act pursuant to the Eleventh Amendment.

13.     Relator is barred from any recovery in this action because any alleged false claims were the knowing, intentional, and fraudulent actions of Relator for the purpose of creating and bringing this action.

14.     Relator's claims against Defendants are barred in part or in whole by the doctrine of estoppel; contrary to her allegations, Relator's internal audit reports never concluded that Lee Health was compensating any of the neurosurgeons in excess of fair market value, and Lee Health relied on Relator's reports for this purpose, to its detriment.

15.     Relator's claims against Defendants are barred in part or in whole by the doctrine of unclean hands; Relator failed to engage an outside consultant to provide an independent and qualified determination of fair market value compensation for each of the physicians at issue with the intent to create the causes of action alleged in the TAC so that she could pursue them after she voluntarily resigned from her employment with Lee Health.

16.     Relator's claims against Defendants are barred in part or in whole by the doctrine of unclean hands; during her employment Relator hid documents and other information from Defendants by saving such documents and other information on her laptop computer instead of on Defendants' system, and then removed such documents and information without the Defendants' knowledge or permission with the intent to use such information to support the claims alleged in the TAC.

17.     Relator's claims against Defendants are barred in part or in whole by the doctrine of waiver; Relator could have engaged an outside consultant to provide an independent and qualified determination of fair market value compensation for each of the physicians at issue, but failed to act on that right to create the causes of action alleged in the TAC and instead voluntarily resigned from her employment with Lee Health and initiated this lawsuit under the False Claims Act.

18.     All claims submitted for payment were for designated health services that were medically necessary and were for amounts Defendants reasonably believed to be due, and therefore, Defendants did not possess the requisite knowledge and intent to violate the False Claims Act.

19.     Relator's claims against Defendants fail in whole or in part because the United States has not sustained any damages.

20.     The damages sought are constitutionally excessive given the lack of harm to the United States under the excessive fines clause contained in the 8th and 5th Amendments to the U.S. Constitution.

21.     Relator's claims under the False Claims Act that Defendants unlawfully retained overpayments fail because Defendants did not make any false statements that resulted in overpayments and did not knowingly retain any overpayments based on such false statements.

22.     Relator's claims against Defendants fail in whole or in part because any actions taken by Defendants with respect to the allegations in the TAC were undertaken in good faith.

23.     Relator's claims against Defendants fail in whole or in part because Defendants did not give or receive any remuneration in violation of the Stark Law, 42 U.S.C. § 1395nn.

24.     Relator's claims against Defendants fail in whole or in part because Relator fails to show that Defendants submitted claims to the government for designated health services referred by the neurosurgeons.

25.     Relator's claims against Defendants fail in whole or in part because the alleged relationship between Defendants and the neurosurgeons met the bona fide employment and/or other exceptions to the Stark Law, 42 U.S.C. § 1395nn, and therefore no financial relationship existed.

26.     Lee Memorial Health System's compensation arrangements with the neurosurgeons met the fair market value and commercial reasonableness standards under the

Stark Law because they were approved in advance by an authorized body of the organization, composed entirely of individuals who did not have a conflict of interest with respect to the compensation arrangements; the authorized body obtained and relied on appropriate data as to comparability prior to making its determinations; and the authorized body adequately documented the basis for its determination.

27.     Defendants presently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants therefore reserve the right to assert additional affirmative defenses in the event that discovery or other future circumstances or events indicate they would be appropriate.

Respectfully submitted,

By: /s/ Timothy W. Feeley
Timothy W. Feeley, Esquire, *Trial Counsel*
(Admitted *Pro Hac Vice*)
Hall, Render, Killian, Heath & Lyman, PC
111 E. Kilbourn Ave., Ste. 1300
Milwaukee, WI 53202
Telephone: (414) 721-0461
Email: tfeeley@hallrender.com

David A. French, Esquire, *Trial Counsel*
(Admitted *Pro Hac Vice*)
Hall, Render, Killian, Heath & Lyman, PLLC
201 W. Big Beaver Road, Suite 1200
Troy, MI 48084
Telephone: (248) 457-7813
Email: dfrench@hallrender.com

David B. Honig, Esquire, Trial Counsel
Florida Bar No. 705446
Hall, Render, Killian, Heath & Lyman, PC
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204
Telephone: (317) 633-4884
Email: dhonig@hallrender.com

Elinor E. Baxter, Esquire
Florida Bar No. 981710
The Law Office of Elinor Baxter, PLLC
47 South Palm Avenue, Suite 201
Sarasota, Florida 34236
Telephone: (239) 405-7863
E-mail: ebaxter@baxterlawpl.net

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on August 27, 2019, I electronically filed a copy of the foregoing document with the Clerk of Court via CM/ECF, which will send a Notice of Electronic Filing to all attorneys of record at their registered e-mail addresses.

By: /s/ Elinor E. Baxter
Elinor E. Baxter, Esquire
Florida Bar No. 981710