UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA and
ANGELA D'ANNA, ex rel.,

    Plaintiffs,

v.                                  Case No.: 2:14-cv-437-FtM-38NPM

LEE MEMORIAL HEALTH SYSTEM
and CAPE MEMORIAL HOSPITAL,
INC.,

    Defendants.
_____/

# ORDER[1]

Before the Court is Relator Angela D'Anna's Motion to Certify for interlocutory appeal (Doc. 143), along with Defendants Lee Memorial Health System and Cape Memorial Hospital's (collectively "Lee Health") Motion to Certify for interlocutory appeal (Doc. 144). Each party opposed the other's Motion. (Docs. 145; 146). The Court denies both Motions.

A month ago, the Court granted and denied in part Lee Health's motion to dismiss (the "Order"). (Doc. 141). The Court held the complaint plead false claims with particularity for one group of doctors. (Doc. 141 at 6-14). But the complaint failed to

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

provide sufficient indicia of reliability to satisfy Rule 9(b)'s pleading requirement for three separate groups of doctors. (Doc. 141 at 14-20). Unhappy with that conclusion, D'Anna wants an interlocutory appeal. (Doc. 143). She asks the Court to certify whether representative false claims for one group of doctors satisfies Rule 9(b) for different groups of doctors employed by a defendant. (Doc. 143 at 2). On the flip side, the Court determined D'Anna plead part of the scheme with particularity. Dissatisfied with that outcome, Lee Health wants an interlocutory appeal. (Doc. 144). It asks the Court to certify a two-part question—(1) what relators must allege to plead Stark Law violations with particularity; (2) and whether pleading one national fair market value benchmark is enough. (Doc. 144 at 1).

It is "bad policy" to permit interlocutory review of non-appealable orders because of the piecemeal effect on cases. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). That said, a district court may allow such an appeal under three statutory conditions: (1) the order must involve "a controlling question law"; (2) on "which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also McFarlin*, 381 F.3d at 1257. The movant "bears the burden of showing that all § 1292(b) requirements are satisfied and that the case is one of the rare exceptions in which the court should exercise judicial discretion to grant the remedy." *Cont'l 332 Fund, LLC v. Albertelli*, No. 2:17-cv-41-FtM-38MRM, 2018 WL 3656472, at *2 (M.D. Fla. Aug. 2, 2018) (citation omitted). "If any elements are not satisfied, the Court must deny interlocutory review." *Short v. Immokalee Water & Sewage Dist.*, No. 2:18-cv-124-FtM-

99CM, 2018 WL 7048223, at *1 (M.D. Fla. Oct. 4, 2018) (alteration accepted and citation omitted).

For different reasons, neither party shows why an appeal is proper. Lee Health's Motion (Doc. 144) fails the first factor, while D'Anna's Motion (Doc. 143) fails the third.

First, Lee Health contends the Order involves a controlling question of law. (Doc. 144 at 7-8). A controlling question of law is "an abstract legal issue or what might be called one of 'pure' law." *McFarlin*, 381 F.3d at 1258. These are issues the appellate court "can decide quickly and cleanly without having to study the record." *Id.* (citation omitted). In *Mamani v. Berzain*, the Eleventh Circuit refused to answer a certified question over an order partially granting a motion to dismiss. 825 F.3d 1304, 1312-13 (11th Cir. 2016). The Court declined review because it required a decision on whether the specific facts stated a claim for relief (i.e., reviewing the record and applying law to facts). *Id.*

Here, like *Mamani*, Lee Health asks the Court to certify a question on whether the complaint alleged enough facts to be sufficient under the relevant standard. (Doc. 144 at 2-5, 7). But the issue cannot be decided "quickly and cleanly" without needing to study the record. *Id.* at 1313. Confusingly, Lee Health concedes this point—"only the [complaint] and relevant exhibits need to be reviewed." (Doc. 144 at 7). It goes without saying, the complaint and exhibits are part of the record that the Eleventh Circuit must examine. Even leaving that aside, this is not a circumstance where an appellate court can answer a pure question of law on minimal review of the record. Like the Order, the Eleventh Circuit would need to sift through detailed pleadings and exhibits to determine the sufficiency of the allegations supporting doctor salaries, fair market value, and the asserted benchmark. In short, this is not a controlling question of law. *See id.*

And second, D'Anna asserts an interlocutory appeal would materially advance the termination of litigation. (Doc. 143 at 5-7). This requirement "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. Put another way, the answer to the controlling question "must substantially reduce the amount of litigation left in the case." *Id.*

Quite the opposite, D'Anna's interlocutory appeal could only extend and expand the litigation. The Order limited the scope of the case to one of several alleged schemes. (Doc. 141 at 22). Given the complexity of issues and volume of discovery on each discrete portion, the Order likely shortened the litigation. But D'Anna seeks to expand the case, increasing the amount of litigation. *But see id.* So even if D'Anna succeeded on appeal, the litigation would be extended. As she notes, discovery *has yet to begin* in "this five-year-old action" because of "substantial delay." (Docs. 143 at 7-8; 146 at 12). It cannot be seriously argued that starting a piecemeal appeal at this point would move the case along. *See Albertelli*, 2018 WL 3656472, at *4.

D'Anna looks to several readily distinguishable cases. In one, a court allowed an interlocutory appeal after dismissing a group of co-defendants. *Simmons v. United States*, 351 F. Supp. 2d 1365, 1365-66 (N.D. Ga. 2004). Considering a complex and unique procedural posture, the court noted it could not separate the allegations against the dismissed and remaining defendants, making trial for the remaining defendant difficult and possibly irrelevant. *Id.* at 1365-67. Unlike there, the Order simply dismissed the claims in part, and—if necessary—separate trials are possible given the discrete nature of the schemes. In another case D'Anna cites, there was no sign that the interlocutory

4

appeal caused delay. *See generally Tucker v. Fearn*, 333 F.3d 1216 (11th Cir. 2003). Here, however, litigation delay over an appeal is all but guaranteed.

Accordingly, it is now

**ORDERED:**

1. Relator's Motion to Certify the Court's Opinion and Order of July 30, 2019 for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. 143) is **DENIED**.

2. Defendants' Motion to Certify the Court's July 30, 2019 Order for Interlocutory Review Under 28 U.S.C. § 1292(b) (Doc. 144) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of August, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record