

135 North Pennsylvania Street
Suite 2400
Indianapolis, Indiana 46204
317.957.5000
Fax 317.957.5010
www.quarles.com

Attorneys at Law in
Chicago
Indianapolis
Madison
Milwaukee
Minneapolis
Naples
Phoenix
Scottsdale
Tampa
Tucson
Washington, D.C.

Writer's Direct Dial: 317.399.2814
E-Mail: Josh.Fleming@quarles.com

March 12, 2020

*Via Overnight Courier*

George F. Carpinello
Bois Schiller Flexner LLP
30 South Pearl Street
11th Floor
Albany, NY 12207

RE: Subpoena to Produce Documents to Zimmer Biomet Holdings, Inc.
*Angela D'Anna, ex rel. v. Lee Memorial Health System and Cape Memorial Hospital, Inc.*, Case No. 2:14-cv-437-FtN-38NPM
Client-Matter No. 990327.00009

Dear Mr. Carpinello:

We are counsel for Zimmer Biomet and have been retained to respond to your client's subpoena in the above-referenced matter. Enclosed is Zimmer Biomet's objections to the subpoena in accordance with Fed. R. Civ. P. 45.

Very truly yours,

QUARLES & BRADY LLP

Joshua B. Fleming

JBF:sa
Enclosure
QB\990327.00009\62145443.1

EXHIBIT
2

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>ANGELA D'ANNA, *ex rel.*,<br><br>        Plaintiffs,<br><br>v.<br><br>LEE MEMORIAL HOSPITAL SYSTEM<br>AND CAPE MEMORIAL HOSPITAL, INC.,<br><br>        Defendant. | )  Cause No. 2:14-cv-347-FtM-38NPM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## RESPONSE AND OBJECTIONS TO SUBPOENA DIRECTED TO ZIMMER BIOMET HOLDINGS, INC.

In accordance with Fed. R. Civ. P. 45, Zimmer Biomet Holdings, Inc. ("Zimmer Biomet"), by counsel, object to Plaintiff's Subpoena for Documents directed to Zimmer Biomet as follows:

## GENERAL OBJECTIONS

Zimmer Biomet objects to each of the Requests because they seek to impose a burden on Zimmer Biomet beyond the scope of the Rules of Civil Procedure, including Rules 26 and 45, and cause Zimmer Biomet, a non-party, to incur unreasonable expense in collecting, reviewing and producing responsive documents. Rule 45(d)(1) provides protection from the issuance and service of a subpoena that imposes undue burden or expense on a third-party. Through its investigation, Zimmer Biomet has concluded this subpoena is not served in pursuit of any relevant or discoverable evidence related to the claims and defenses at issue in the above-captioned action. From any reasonable review of the requests and the pleadings at issue, Zimmer Biomet can identify no basis on which Plaintiff seeks the requested information. Further, to the extent any responsive documents or information exist within Zimmer Biomet's possession, it consists of highly confidential, commercially sensitive and trade secret materials that Zimmer Biomet will not voluntarily produce, even if the costs of doing so were not unduly burdensome, which they are. Defendant Lee Memorial Health is filing its own motion to quash the subpoena for similar and additional reasons and Zimmer Biomet will be joining that motion and incorporates those reasons for quashing the subpoena herein.

Zimmer Biomet also objects to the Requests to the extent they seek to compel Zimmer Biomet to produce documents or materials protected from disclosure by the attorney-client privilege, work product doctrine, HIPAA, or any applicable privilege or regulation that prohibits or protects against such disclosure.

## RESPONSES TO REQUESTS

1. All Documents relating to any relationship between Zimmer and the Neurosurgeons.

**OBJECTION**: Request No. 1 is grossly overbroad, vague and ambiguous as to what documents are actually requested since it seeks "All Documents relating to any relationship between Zimmer and the Neurosurgeons" without any limitation or timeframes. The definition of "documents" encompasses literally every form of media Zimmer Biomet could or does maintain without exception and is grossly overbroad and unduly burdensome. Furthermore, the Request seeks to impose an undue burden on Zimmer Biomet which is not a party to the action causing it to collect unlimited data from unknown custodians over an unlimited period of time in an effort to identify responsive documents. Such a Request exceeds the scope of Rules 45 and 26 of the Federal Rules of Civil Procedure, is oppressive and harassing, and exposes Zimmer Biomet to an extraordinary expense and effort to attempt to respond to this Request. Zimmer Biomet cannot and will not provide responsive documents to this Request without a court order.

2. All Documents relating to any payments made by Zimmer to the Neurosurgeons from 2005 to present whether in the form of salary, grants, payments for research or any other type of payment.

**OBJECTION**: Zimmer Biomet objects to Request No. 2 because it is grossly overbroad and seeks documents that have no apparent relationship to the above-mentioned litigation. The definition of "documents" encompasses literally every form of media Zimmer Biomet could or does maintain without exception and is grossly overbroad and unduly burdensome. Zimmer Biomet also objects because the Request is overbroad and unreasonable in its scope exposing Zimmer Biomet to an undue and unnecessary burden and expense associated with identification, collection and production of documents responsive to a request that seeks materials over a 15-year period of time. Furthermore, Zimmer Biomet objects because it seeks documents or information that, to the extent they exist, are highly confidential, commercially sensitive or trade secret. Zimmer Biomet cannot and will not provide responsive documents to this Request without court order.

3. All communications of any kind between Zimmer and the Neurosurgeons from 2005 to present.

**OBJECTION**: Request No. 3 is grossly overbroad, vague and ambiguous as to what documents are actually requested since it seeks "All communications of any kind between Zimmer and the Neurosurgeons from 2005 to the present" without any limitation or definition of the term "communications" which therefore exponentially increases the scope of the media from which responsive information must be considered, collected and searched. Furthermore, the Request seeks to impose an undue burden on Zimmer Biomet which is not a party to the action causing it to collect unlimited data from unknown custodians over a 15-year period of time in an effort to identify responsive communications. Such a Request exceeds the scope of Rules 45 and 26 of the Federal Rules of Civil Procedure, is oppressive and harassing, and exposes Zimmer Biomet to an extraordinary expense and effort to

2

attempt to respond to this Request. Zimmer Biomet cannot and will not provide responsive documents to this Request without court order.

4. All Documents produced by Zimmer to any state or federal authority investigating payments made by Zimmer to the Neurosurgeons.

**OBJECTION**: Zimmer Biomet objects to Request No. 4 because it is grossly overbroad and seeks documents that have no apparent relationship to the above-mentioned litigation. The definition of "documents" encompasses literally every form of media Zimmer Biomet could or does maintain without exception and is grossly overbroad and unduly burdensome. The Request has absolutely no limits in scope or time, not to mention assumes facts that have not been established surrounding purported state or federal investigations. Furthermore, Zimmer Biomet objects because it seeks documents or information that, if they do exist, consist of information that is highly confidential and commercially sensitive. Furthermore, the Request seeks to impose an undue burden on Zimmer Biomet which is not a party to the action causing it to collect unlimited data from unknown custodians over an unlimited period of time in an effort to identify responsive documents. Such a Request exceeds the scope of Rules 45 and 26 of the Federal Rules of Civil Procedure, is oppressive and harassing, and exposes Zimmer Biomet to an extraordinary expense and effort to attempt to respond to this Request. Zimmer Biomet cannot and will not provide responsive documents to this Request without a court order.

5. All Documents relating to the relationship between Zimmer as a vendor and Lee Health.

**OBJECTION**: Zimmer Biomet objects to Request No. 5 because it is grossly overbroad, vague and ambiguous as to what documents are actually requested since it seeks "All Documents relating to the relationship between Zimmer as a vendor and Lee Health" without any limitation or timeframes. Lee Health is a hospital network and customer of Zimmer Biomet and has been for some time. The definition of "documents" encompasses every form of media Zimmer Biomet could or does maintain without exception and is grossly overbroad and unduly burdensome. This Request literally seeks every document in Zimmer Biomet's possession related to any product or service provided or sold to Lee Health or any other related documents over the entire history of Zimmer Biomet's business relationship with Lee Health. Furthermore, the Request seeks to impose an undue burden on Zimmer Biomet which is not a party to the action causing it to collect unlimited data from unknown custodians over an unlimited period of time in an effort to identify responsive documents. Such a Request exceeds the scope of Rules 45 and 26 of the Federal Rules of Civil Procedure, is oppressive and harassing, and exposes Zimmer Biomet to an extraordinary expense and effort to attempt to respond to this Request. Zimmer Biomet cannot and will not provide responsive documents to this Request without a court order.

6. All Documents and communications with Lee Health disclosing or discussing whether the Neurosurgeons owned financial interests in Zimmer or received any payments from Zimmer from 2005 to the present.

3

**OBJECTION**: Zimmer Biomet objects to Request No. 6 because it is grossly overbroad and seeks documents that have no apparent relationship to the above-mentioned litigation and would cause Zimmer Biomet an undue and unnecessary burden and expense associated with identification, collection and production of documents responsive to a request that seeks materials over a 15-year period of time. The Request equally seeks to impose on Zimmer Biomet the burden of locating documents (the definition of which is grossly overbroad as stated throughout) and communications (an undefined term) that may or may not exist without any predicate showing that Zimmer Biomet and Lee Health created, maintained or exchanged documents or communications disclosing or discussing the Neurosurgeons' purported financial interests in Zimmer or payments allegedly made by Zimmer to the Neurosurgeons. Furthermore Zimmer Biomet objects because it seeks documents or information that, if they exist, are commercially sensitive. Zimmer Biomet cannot and will not provide responsive documents to this Request without court order.

In accordance with the above general and specific objections to the Requests, Zimmer Biomet demands Plaintiff withdraw the subpoena, which Zimmer Biomet contends was served without any basis or justification. If Plaintiff refuses to withdraw the subpoena and forces Zimmer Biomet to bring this subpoena before the court for further consideration, Zimmer Biomet will have no choice but to seek any and all available remedies, including its attorneys' fees and costs associated with responding to the subpoena and any motion practice associated therewith.

Respectfully submitted,

QUARLES & BRADY LLP

By: _____
Joshua B. Fleming, #25954-29

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of March, 2020, a copy of the foregoing was sent by overnight courier to:

George F. Carpinello
Bois Schiller Flexner LLP
30 South Pearl Street
11th Floor
Albany, NY 12207

_____
Joshua B. Fleming

4

QUARLES & BRADY LLP
135 N. Pennsylvania St., Suite 2400
Indianapolis, IN 46204
P: 317-957-5000 | F: 317-957-5010
Josh.fleming@quarles.com

QB\990327.00009\62122469.1

5



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.