**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA *ex rel.*
ANGELA D'ANNA,

Relator,

vs.

LEE MEMORIAL HEALTH SYSTEM d/b/a LEE MEMORIAL HOSPITAL, a/k/a HEALTHPARK MEDICAL CENTER, a/k/a GULF COAST MEDICAL CENTER, a/k/a CAPE CORAL HOSPITAL, a/k/a LEE PHYSICIAN GROUP agent of LEE HEALTH; and

CAPE MEMORIAL HOSPITAL, INC. d/b/a CAPE CORAL HOSPITAL,

Defendants.

CIVIL ACTION FILE
NO. 2:14-CV-437- FtM-38NPM

[FALSE CLAIMS ACT - *QUI TAM*]

**RELATOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LEE HEALTH**

Relator Angela D'Anna, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Defendants, answer the following "Requests" separately and fully in writing, and produce, and permit inspection and/or copying of the following documents in Defendants' possession, custody or control within thirty (30) days of service at the offices of the same upon it upon George F. Carpinello at the offices of Boies Schiller Flexner LLP, 30 South Pearl Street, 11th Floor Albany, NY 12207.

These requests are deemed to be continuing in nature to the extent permitted by Federal Rule of Civil Procedure 26(e). Pursuant to such rule, RELATOR makes the demand upon Defendants that if at any later date Defendants obtains additional documents different from

EXHIBIT
3
exhibitsticker.com

the documents produced in response to these requests, Defendants promptly produce and serve a copy of the same upon counsel for RELATOR within the time permitted by law.

**DEFINITIONS & INSTRUCTIONS**

1. The term "control" is to be interpreted in the broadest sense permissible. Without limiting the term, a document is deemed to be within your control if you have ownership, possession or custody of the Document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof, including any Documents in the possession of former employees or agents generated *in* the course of his or her work as an employee or agent.

2. "Defendants" is intended to and shall embrace and include, Defendants Lee Memorial Health System d/b/a Lee Health, d/b/a Lee Memorial Hospital, a/k/a Healthpark Medical Center, a/k/a Gulf Coast Medical Center, a/k/a Lee Physician Group, and Cape Memorial Hospital, Inc. d/b/a Cape Coral Hospital.

3. "Government" as used herein, "Government" shall include the United States Department of Justice, (including any U.S. Attorney's Office, Federal Bureau of Investigation or any other office of any kind within the United States Department of Justice), the United States Department of Health and Human Services (including the Centers for Medicare and Medicaid Services or any other office of any kind within the United States Department of Health and Human Services) and any other agency or branch of the United States Government, or any of their representatives or contractors.

4. "Document" shall mean any tangible thing or mechanical or electronic record, or other form of data compilation upon which information has been stored, recorded or communicated in your custody, control or possession or of which you have knowledge,

including without limitation, letters, correspondence, e-mails, text messages, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, post cards, canceled checks, money orders, posters, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graphs, statistical compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine readable records and data, sound recordings, academic diplomas, certificates issued by professional organizations, licenses, and every draft or copy of a document which is not identical to the original or which draft or copy contains any commentary or notation whatsoever that does not appear on the original.

5. "Entity" or "entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

6. "FDA" refers to the United States Food & Drug Administration, any committee, subcommittee, or advisory committee thereto, and any person, employee, or agent of the FDA.

7. "Healthcare provider" means any doctor, physician, surgeon, pharmacist, hospital, clinic, center, physician's office, infirmary, medical or diagnostic laboratory, medical practice, or other facility that provides medical care or medical advice, and any pharmacy, x-ray department, radiology department, laboratory, oncology center, physical therapist or physical therapy department, rehabilitation specialist, chiropractor, or other persons or entities

involved in diagnosis, care, or treatment of patients.

8. "Information" should be construed in the broadest possible sense. It is intended reference both facts and applicable principles. This term should not be construed to be limited by any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

9. "Lee Health," as used herein, "Lee Health" is intended to and shall embrace and include, in addition to Defendant Lee Memorial Health System d/b/a Lee Health, d/b/a Lee Memorial Hospital, a/k/a Healthpark Medical Center, a/k/a Gulf Coast Medical Center, Cape Coral Hospital, a/k/a Lee Physician Group, all of their trustees, board members, shareholders, managers, partners, owners, subsidiaries, affiliates, agents, servants, employees, independent contractors, private investigators, accountants, and attorneys and others who are in a position of confidence or who may have obtained information for or on its behalf.

10. The term "possession" as it pertains to e-mails, includes e-mails contained in electronic directories including "deleted" e-mails which have not been permanently deleted, "sent" e-mails, and "received" e-mails, including e-mails contained in all subdirectories irrespective of the title of such subdirectories. The term "possession" as it pertains to web-sites, includes electronic content that is posted either publicly or privately on web-sites now or previously in your possession, custody or control.

11. These Requests apply to all Documents in your possession, custody, or control regardless of their location and regardless of whether such Documents are held by your agents, employees, representatives, attorneys, or any other person or entity acting for or on your behalf. A Document shall be deemed to be within Your control if You have the right to secure the document or a copy of the Document from another person having possession or

custody of the Document.

12. In providing the Documents called for by these Requests, You are requested to produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

13. Documents that cannot be legibly copied should be produced in their original form.

14. All non-identical copies of every Document sought shall be separately produced.

15. All Documents produced in response to an individual Request shall be physically segregated from Documents produced in response to any other Requests, and the Request to which they are responsive shall be specifically identified. If a document is responsive to more than one Request, each of the Requests to which the Document is responsive shall be specified.

16. In producing the Documents, all Documents which are physically attached to each other shall be left so attached. Documents which are segregated or separated from other Documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or other methods, shall be left so segregated or separated. Documents shall be retained in the order in which they were maintained in the file where found.

17. Each paragraph and subparagraph of these Requests should be construed independently and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting the scope.

18. If in answering these Requests You claim any ambiguity in interpreting either

an individual request or a definition or instruction applicable thereto, such claims shall not be utilized by You as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding.

19. All designated Documents are to be taken as including all attachments and enclosures. If any portion of a Document is responsive to a Request, the entire Document should be produced. If Documents responsive to this Request are normally kept in a file or other folder, also produce that file or folder.

20. Unless otherwise stated in connection with a specific Request, these Requests are for the time period from January 1, 2004 to the present.

21. The terms defined above and the individual requests should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure governing discovery.

22. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

23. For purposes of interpreting the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

a. "any," "all," "each," or "every" shall mean "any, all, each and every";

b. "and" and "or" shall mean "and/or" and shall be construed either

disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

c. "including," shall mean "including but not limited to";

d. the singular form of any word shall include the plural, and the plural form shall include the singular;

e. each verb shall include all of its tenses; and

f. each pronoun shall apply to the male, female, and neutral genders.

24. If any responsive Documents are withheld or redacted under a claim of attorney-client privilege, attorney work-product doctrine, or any other privilege or immunity from discovery, You are requested to provide a privilege log including the following information, in sufficient detail to permit adjudication of the validity of the claim: (1) the nature of the privilege being asserted or other rule relied upon, and the facts supporting Your assertion thereof; (2) the party who is asserting the privilege; and (3) the following information about each purportedly privileged document: (a) the author, primary addressee, and secondary addressees or persons copied, including the relationship of those persons to any party in this litigation and/or the author of the Document (unless otherwise apparent); (b) a description sufficient to identify the type, subject matter, and purpose of the Document; (c) all persons to whom its contents have been disclosed; (d) the date the Document was prepared, the date the Document bears, the date the Document was sent, and the date the Document was received; and (e) a description of the custodian of the Document.

25. If a portion of any responsive Document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such Document must be

produced with the portion claimed to be privileged redacted.

26. Identify all responsive Documents that have been lost, discarded, or destroyed. In so doing, state the type of document, its date, the approximate date it was lost, discarded, or destroyed, and the identity of each person having knowledge of the contents thereof, including the name, address and telephone number of each such person.

27. These Requests are continuing in nature. In the event you become aware of or acquire possession, custody, or control of additional responsive Documents, you shall promptly produce such additional Documents for inspection and copying. It is requested that a supplemental response shall be served no later than 14 days after the discovery of additional, responsive Documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## REQUESTS FOR PRODUCTION

1. All Documents and things identified in Lee Health's answers or responses to each and every set of Relator's Requests for Admissions to Lee Health, and all documents and things upon which Lee Health relied in preparing such answers or responses.

2. All Documents Lee Health received from or provided to the Government in connection with Relator's complaints filed in this action or in connection with any inquiry or investigation the Government has made since August 8, 2014 concerning any of the allegations in Relator's complaints filed in this action.

3. All Documents relating to Lee Health's compensation to neurosurgeons employed by Lee Health.

4. All Documents relating to Lee Health's submission of claims for compensation

to any Government payor for medical care provided to patients who were treated by any neurosurgeons employed by Lee Health.

5. All studies, audits, or analyses performed by or on behalf of Lee Health relating to compensation paid to neurosurgeons employed by Lee Health, including whether such compensation was at fair market value or was commercially reasonable.

6. All certificates or statements of any kind made by Lee Health to any Government entity that Lee Health was submitting reports or requests for payment to, that stated that such reports or requests were true, accurate, correct, complete, or complied with all applicable laws, rules or regulations, insofar as such certification or statement related in any way to patients treated by neurosurgeons employed by Lee Health.

7. All Documents relating to relative Value Units (RVUs) credited or assigned to neurosurgeons employed by Lee Memorial and the methodology by which those RVUs were signed.

8. All contracts, including drafts of contracts, relating to compensation paid to neurosurgeons employed by Lee Memorial.

9. All organizational charts for Lee Health.

10. All Documents which show a curriculum vitae for any neurosurgeon employed by Lee Health.

11. All Documents comprising W-2s and or 1099s for each neurosurgeon employed by Lee Health.

12. All minutes, notes, or other Documents relating to any meetings pertaining to

compensation paid to the neurosurgeons employed by Lee Health.

13. All employee handbooks or other documents describing employee benefits provided by Lee Hospital to any part-time or full-time employees.

14. All Documents relating to any community need assessments, medical staffing plans, or relating in any way to physician need areas that physician surpluses or shortages, and analyzing where to concentrate physician recruiting efforts.

15. All Documents relating to any complaints or proceedings concerning patient care at Lee Memorial, as such care relates to any patients treated by any of the neurosurgeons employed by Lee Health.

16. All Documents relating to any compliance concerns for each neurosurgeon employed by Lee Health, including, but not limited to, coding reviews, procedure compliance reviews and any other compliance reports.

17. All Documents relating to any performance evaluation of any of the neurosurgeons employed by Lee Health.

18. All Documents relating to any administrative duties undertaken by any neurosurgeons employed by Lee Health, including time records, copies of work product created or reviewed by the neurosurgeons, evidence of meeting attendance, including meeting minutes, and all other documents relating to administrative duties performed by such neurosurgeons.

19. All Documents relating to any annual hospital departmental financial statements showing revenues and expenses relating to Lee Health's neurosurgery program.

20. All form 990s filed by Lee Health for the years 2004 to present.

21. All Documents relating to Lee Health's needs assessment or other documents relating to Lee Health's consideration of hiring additional neurosurgeons or purchasing neurosurgery practices.

22. All Documents relating to strategic planning, including, but not limited to, budgets, market studies, long-term planning goals, as such relates to neurosurgery.

23. All Documents relating to annual cost reports submitted to Medicare or Medicaid for the years 2004 to present.

24. All Documents relating to any analysis by or for Lee Hospital concerning physicians' contributions to Lee Memorial's profits, including, but not limited to, contribution of margin analyses, physician admissions statistics, physician surgery statistics, and all other referral factor reports.

25. All Documents relating to whether Lee Health has either destroyed or disposed of any Documents, books of account, memoranda, or other records relating to any of the allegations in Relator's Complaints filed in this action, including all Documents relating to the date Documents or records were destroyed, reasons for destroying, and name and address of person destroying.

26. Copies of any and all written policies for the retention of Documents which were in force at any time at Lee Health during the time period of August 9, 2004 to the present.

27. Copies of any and all written policies for the destruction of Documents which were in force at any time at Lee Health during the time period of August 9, 2004 to the present.

28. With respect to each witness who is expected to provide expert testimony on Lee

Health's behalf and with respect to each expert or consultant who prepared Documents provided to the Government referenced in Request No. 2 above, please provide the following:

(a) all resumes, curricula vitae or similar documents relating the educational background and qualifications of each such expert witness or consultant;

(b) all materials furnished to each such expert witness or consultant;

(c) a list of every lawsuit in which each such expert witness or consultant has testified at trial in the preceding ten years (providing the caption or style of the case, the case number and court in which the case is pending, the part on whose behalf the witness testified, and the attorney for each party);

(d) a list of every lawsuit in which each such expert witness or consultant has testified by way of deposition in the preceding ten years (providing the caption or style of the case, the case number and court in which the case is pending, the part on whose behalf the witness testified, and the attorney for each party);

(e) any correspondence between Lee Health or its counsel and each such expert witness or consultant, including any e-mails;

(f) all Documents prepared by or relied upon by each such expert witness or consultant for Lee Health;

(g) all Documents, studies, tests, reports, treatises, articles, books, or their authority reviewed, examined, read, studied, seen or prepared by each of the experts with whom you consulted and relied upon by that expert in formulation of his or her opinion.

This 14th day of August, 2019.

**BOIES SCHILLER FLEXNER, LLP**

George F. Carpinello (Admitted Pro Hac Vice)
Teresa A. Monroe (Admitted Pro Hac Vice)
30 South Pearl Street, 11th Floor
Albany, NY 12207
Tel: (518) 434-0600
Fax: (518) 434-0665
Email: gcarpinello@bsfllp.com
tmonroe@bsfllp.com

Karen C. Dyer
Florida Bar No. 716324
121 South Orange Avenue, Suite 840N
Orlando, FL 32801
Tel: (407) 425-7118
Fax: (407) 425-7047
Email: kdyer@bsfllp.com

**WILBANKS & GOUINLOCK, LLP**

Marlan B. Wilbanks (Admitted Pro Hac Vice)
Susan S. Gouinlock (Admitted Pro Hac Vice)
3414 Peachtree Rd NE, Suite 725
Atlanta, GA 30326
Tel: (404) 842-1075
Fax: (404) 842-0559
Email: mbw@wilbanksgouinlock.com
ssg@wilbanksgouinlock.com

**WITHROW, MCQUADE & OLSEN, LLP**

Scott C. Withrow (Admitted Pro Hac Vice)
3379 Peachtree Road, Suite 970
Atlanta, GA 30326
Tel: (404) 814-0037
Fax: (404) 814-0009
Email: swithrow@wmolaw.com

*Attorneys for Relator-Plaintiff Angela D'Anna*

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that this day I served a copy of the foregoing RELATOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT via electronic mail and first class mail, postage prepaid, upon:

Timothy W. Feeley, Esquire, Trial Counsel
(Admitted Pro Hac Vice)
Hall Render Killian Heath & Lyman, PC
111 E. Kilbourn Ave., Ste. 1300
Milwaukee, WI 53202
Telephone: (414) 721-0461
Email: tfeeley@hallrender.com

David A. French, Esquire, Trial Counsel
(Admitted Pro Hac Vice)
Hall Render Killian Heath & Lyman, PLLC
201 W. Big Beaver Road, Suite 1200
Columbia Center
Troy, MI 48084
Telephone: (248) 457-7813
Email: dfrench@hallrender.com

Elinor E. Baxter, Esquire
Florida Bar No. 981710
The Law Office of Elinor Baxter, PLLC
47 South Palm Avenue, Suite 201
Sarasota, Florida 34236
Telephone: (239) 405-7863
E-mail: ebaxter@baxterlawpl.net

David B. Honig, Esquire, Trial Counsel
Florida Bar No. 705446
Hall Render Killian Heath & Lyman, PC
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204
Telephone: (317) 633-4884
Email: dhonig@hallrender.com

This 14th day of August, 2019.

*/s/ George F. Carpinello*
George F. Carpinello