UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANGELA D'ANNA,<br><br>                           Relator,<br>vs.<br><br>LEE MEMORIAL HEALTH SYSTEM d/b/a LEE MEMORIAL HOSPITAL, a/k/a HEALTHPARK MEDICAL CENTER, a/k/a GULF COAST MEDICAL CENTER, a/k/a CAPE CORAL HOSPITAL, a/k/a LEE PHYSICIAN GROUP agent of LEE HEALTH; and<br><br>CAPE MEMORIAL HOSPITAL, INC. d/b/a CAPE CORAL HOSPITAL,<br><br>                           Defendants. | CIVIL ACTION FILE<br>NO. 2:14-CV-437- FtM-38NPM<br><br>[FALSE CLAIMS ACT - *QUI TAM*] |

### RELATOR'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Relator Angela D'Anna, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Defendants, answer the following "Requests" separately and fully in writing, and produce, and permit inspection and/or copying of the following documents in Defendants' possession, custody or control within thirty (30) days of service at the offices of the same upon it upon George F. Carpinello at the offices of Boies Schiller Flexner LLP, 30 South Pearl Street, 11th Floor Albany, NY 12207.

These requests are deemed to be continuing in nature to the extent permitted by Federal Rule of Civil Procedure 26(e). Pursuant to such rule, RELATOR makes the demand upon Defendants that if at any later date Defendants obtains additional documents different from

EXHIBIT 4

the documents produced in response to these requests, Defendants promptly produce and serve a copy of the same upon counsel for RELATOR within the time permitted by law.

## DEFINITIONS & INSTRUCTIONS

1. "Defendants" is intended to and shall embrace and include, Defendants Lee Memorial Health System d/b/a Lee Health, d/b/a Lee Memorial Hospital, a/k/a Healthpark Medical Center, a/k/a Gulf Coast Medical Center, a/k/a Lee Physician Group, and Cape Memorial Hospital, Inc. d/b/a Cape Coral Hospital.

2. "Document" shall mean any tangible thing or mechanical or electronic record, or other form of data compilation upon which information has been stored, recorded or communicated in your custody, control or possession or of which you have knowledge, including without limitation, letters, correspondence, e-mails, text messages, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, post cards, canceled checks, money orders, posters, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graphs, statistical compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine readable records and data, sound recordings, academic diplomas, certificates issued by professional organizations, licenses, and every draft or copy of a document which is not identical to the original or which draft or copy contains any commentary or notation whatsoever that does not appear on the original.

3. The term "control" is to be interpreted in the broadest sense permissible. Without limiting the term, a document is deemed to be within your control if you have ownership, possession or custody of the Document, or the right to secure the document or copy

thereof from any person or public or private entity having physical possession thereof, including any Documents in the possession of former employees or agents generated *in* the course of his or her work as an employee or agent.

4. "CSI" means Catalyst Spinal Innovations, LLC and any parents, subsidiaries, affiliates, predecessors and successors including, but not limited to, Reliance Medical Systems, LLC.

5. "Entity" or "entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

6. "FDA" refers to the United States Food & Drug Administration, any committee, subcommittee, or advisory committee thereto, and any person, employee, or agent of the FDA.

7. "Government" as used herein, "Government" shall include the United States Department of Justice, (including any U.S. Attorney's Office, Federal Bureau of Investigation or any other office of any kind within the United States Department of Justice), the United States Department of Health and Human Services (including the Centers for Medicare and Medicaid Services or any other office of any kind within the United States Department of Health and Human Services) and any other agency or branch of the United States Government, or any of their representatives or contractors.

8. "Healthcare provider" means any doctor, physician, surgeon, pharmacist,

hospital, clinic, center, physician's office, infirmary, medical or diagnostic laboratory, medical practice, or other facility that provides medical care or medical advice, and any pharmacy, x-ray department, radiology department, laboratory, oncology center, physical therapist or physical therapy department, rehabilitation specialist, chiropractor, or other persons or entities involved in diagnosis, care, or treatment of patients.

9. "Information" should be construed in the broadest possible sense. It is intended reference both facts and applicable principles. This term should not be construed to be limited by any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

10. "Lee Health," as used herein, "Lee Health" is intended to and shall embrace and include, in addition to Defendant Lee Memorial Health System d/b/a Lee Health, d/b/a Lee Memorial Hospital, a/k/a Healthpark Medical Center, a/k/a Gulf Coast Medical Center, Cape Coral Hospital, a/k/a Lee Physician Group, all of their trustees, board members, shareholders, managers, partners, owners, subsidiaries, affiliates, agents, servants, employees, independent contractors, private investigators, accountants, and attorneys and others who are in a position of confidence or who may have obtained information for or on its behalf.

11. "Neurosurgeons" means Dr. Jeffrey S. Henn, Dr. Dean D. Lin, Dr. Sam P. Javedan, and Dr. John J. Dusseau.

12. The term "possession" as it pertains to e-mails, includes e-mails contained in electronic directories including "deleted" e-mails which have not been permanently deleted, "sent" e-mails, and "received" e-mails, including e-mails contained in all subdirectories irrespective of the title of such subdirectories. The term "possession" as it pertains to web-

sites, includes electronic content that is posted either publicly or privately on web-sites now or previously in your possession, custody or control.

13. "Zimmer" means Zimmer Biomet Holdings, Inc. and any parents, subsidiaries, affiliates, predecessors and successors.

14. These Requests apply to all Documents in your possession, custody, or control regardless of their location and regardless of whether such Documents are held by your agents, employees, representatives, attorneys, or any other person or entity acting for or on your behalf. A Document shall be deemed to be within Your control if You have the right to secure the document or a copy of the Document from another person having possession or custody of the Document.

15. In providing the Documents called for by these Requests, You are requested to produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

16. Documents that cannot be legibly copied should be produced in their original form.

17. All non-identical copies of every Document sought shall be separately produced.

18. All Documents produced in response to an individual Request shall be physically segregated from Documents produced in response to any other Requests, and the Request to which they are responsive shall be specifically identified. If a document is responsive to more than one Request, each of the Requests to which the Document is responsive shall be specified.

19. In producing the Documents, all Documents which are physically attached to each other shall be left so attached. Documents which are segregated or separated from other Documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or other methods, shall be left so segregated or separated. Documents shall be retained in the order in which they were maintained in the file where found.

20. Each paragraph and subparagraph of these Requests should be construed independently and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting the scope.

21. If in answering these Requests You claim any ambiguity in interpreting either an individual request or a definition or instruction applicable thereto, such claims shall not be utilized by You as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding.

22. All designated Documents are to be taken as including all attachments and enclosures. If any portion of a Document is responsive to a Request, the entire Document should be produced. If Documents responsive to this Request are normally kept in a file or other folder, also produce that file or folder.

23. Unless otherwise stated in connection with a specific Request, these Requests are for the time period from January 1, 2004 to the present.

24. The terms defined above and the individual requests should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure governing discovery.

25. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

26. For purposes of interpreting the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

   a. "any," "all," "each," or "every" shall mean "any, all, each and every";

   b. "and" and "or" shall mean "and/or" and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   c. "including," shall mean "including but not limited to";

   d. the singular form of any word shall include the plural, and the plural form shall include the singular;

   e. each verb shall include all of its tenses; and

   f. each pronoun shall apply to the male, female, and neutral genders.

27. If any responsive Documents are withheld or redacted under a claim of attorney-client privilege, attorney work-product doctrine, or any other privilege or immunity from discovery, You are requested to provide a privilege log including the following information, in sufficient detail to permit adjudication of the validity of the claim: (1) the nature of the privilege being asserted or other rule relied upon, and the facts supporting Your

assertion thereof; (2) the party who is asserting the privilege; and (3) the following information about each purportedly privileged document: (a) the author, primary addressee, and secondary addressees or persons copied, including the relationship of those persons to any party in this litigation and/or the author of the Document (unless otherwise apparent); (b) a description sufficient to identify the type, subject matter, and purpose of the Document; (c) all persons to whom its contents have been disclosed; (d) the date the Document was prepared, the date the Document bears, the date the Document was sent, and the date the Document was received; and (e) a description of the custodian of the Document.

28.  If a portion of any responsive Document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

29.  Identify all responsive Documents that have been lost, discarded, or destroyed. In so doing, state the type of document, its date, the approximate date it was lost, discarded, or destroyed, and the identity of each person having knowledge of the contents thereof, including the name, address and telephone number of each such person.

30.  These Requests are continuing in nature. In the event you become aware of or acquire possession, custody, or control of additional responsive Documents, you shall promptly produce such additional Documents for inspection and copying. It is requested that a supplemental response shall be served no later than 14 days after the discovery of additional, responsive Documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## REQUESTS FOR PRODUCTION

1. All Documents relating to CSI.

2. All Documents relating to Zimmer.

3. All Documents relating to the Neurosurgeons' income other than income earned from Lee Health.

4. All Documents relating to any professional or business relationship of any of the Neurosurgeons with any entity other than Lee Health including, but not limited to, CSI or Zimmer.

5. All Documents relating to Lee Health's knowledge of any outside income received by any of the Neurosurgeons, or any professional or business relationship of any of the Neurosurgeons with an entity other than Lee Health including, but not limited to, CSI or Zimmer.

6. All Documents produced by the Neurosurgeons to Lee Health relating to the Neurosurgeons' outside income or other professional or business affiliations.

7. All Documents relating to the knowledge by members of the Board of Directors of Lee Health of any outside income received by the Neurosurgeons, or any professional or business affiliations of the Neurosurgeons with any entity other than Lee Health.

8. All Documents relating to any discussion by the Board of Directors of Lee Health relating to the outside income or outside activities or affiliations of any of the Neurosurgeons.

9. All Documents provided to any of the Neurosurgeons at the time they were being recruited.

10. All Documents related to a certain settlement agreement entered into by Dr. Dean Lin and the United States in or about October 10, 2019.

11. All Documents provided to any consultants who were retained for the purpose of

evaluating either the fair market value or commercial reasonableness of the compensation paid to the Neurosurgeons, or any other physicians employed by Lee Health.

12. All documents showing that Lee Health's compensation arrangements with the Neurosurgeons met the fair market value and commercial reasonableness standards under the Stark Law because they were approved in advance by an authorized body of Lee Health, composed entirely of individuals who did not have a conflict of interest with respect to the compensation arrangements; the authorized body obtained and relied on appropriate data as to comparability prior to making its determination; and the authorized body adequately documented the basis for its determination.

13. All documents supporting Lee Health's affirmative defenses.

This 4th day of March, 2020.

**BOIES SCHILLER FLEXNER, LLP**

*/s/ George F. Carpinello*

George F. Carpinello (Admitted Pro Hac Vice)
30 South Pearl Street, 11th Floor
Albany, NY 12207
Tel: (518) 434-0600
Fax: (518) 434-0665
Email: gcarpinello@bsfllp.com

Karen C. Dyer
Florida Bar No. 716324
121 South Orange Avenue, Suite 840N
Orlando, FL 32801
Tel: (407) 425-7118
Fax: (407) 425-7047
Email: kdyer@bsfllp.com

| | |
|---|---|
| Timothy W. Feeley, Esquire, Trial Counsel<br>(Admitted Pro Hac Vice)<br>Hall Render Killian Heath & Lyman, PC<br>111 E. Kilbourn Ave., Ste. 1300<br>Milwaukee, WI 53202<br>Telephone: (414) 721-0461<br>Email: tfeeley@hallrender.com | David A. French, Esquire, Trial Counsel<br>(Admitted Pro Hac Vice)<br>Hall Render Killian Heath & Lyman, PLLC<br>201 W. Big Beaver Road, Suite 1200<br>Columbia Center<br>Troy, MI 48084<br>Telephone: (248) 457-7813<br>Email: dfrench@hallrender.com |
| Elinor E. Baxter, Esquire<br>Florida Bar No. 981710<br>The Law Office of Elinor Baxter, PLLC<br>47 South Palm Avenue, Suite 201<br>Sarasota, Florida 34236<br>Telephone: (239) 405-7863<br>E-mail: ebaxter@baxterlawpl.net | David B. Honig, Esquire, Trial Counsel<br>Florida Bar No. 705446<br>Hall Render Killian Heath & Lyman, PC<br>500 N. Meridian Street, Suite 400<br>Indianapolis, IN 46204<br>Telephone: (317) 633-4884<br>Email: dhonig@hallrender.com |

This 4th day of March, 2020.

*/s/ George F. Carpinello*
George F. Carpinello