UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA
and ANGELA D'ANNA,

    Plaintiffs,

v.   Case No. 2:14-cv-437-SPC-NPM

LEE MEMORIAL HEALTH SYSTEM, and
CAPE MEMORIAL HOSPITAL, INC.,

    Defendants.

## ORDER

Before the court is Relator's unopposed motion for leave to file certain items under seal (Doc. 209). Relator seeks leave to file under seal: (1) a sequestered document for which Lee Memorial has made a privilege claim; (2) a motion challenging Lee Memorial's privilege claim; and (3) other exhibits in support of the motion. *Id.* at ¶ 6-8.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), Relator is authorized to submit the sequestered document under seal, so the issue before the court is whether the motion and its other exhibits should also be sealed.

Apparently, the other exhibits to the motion are neither privileged nor protected work-product. They have merely been designated confidential by Lee Memorial. (Doc. 209, ¶ 7-8). Such a designation alone, however, does not warrant

filing under seal. *See* Local Rule 1.11(a); *see also* Case Management and Scheduling Order (Doc. 157, p. 3); Middle District of Florida Civil Discovery Handbook (p. 3).

The local rules provide for resolving whether such items should be filed under seal. To file an item that plausibly qualifies for sealing and that the filing party knows or reasonably should know another party considers confidential, the filing party must file instead of the item a placeholder only identifying the item and must notify the other party within seven days after filing the placeholder. *See* Local Rule 1.11(d) (explaining the filing of another parties' confidential item(s) in further detail).

In the interest of adjudicative transparency, the motion itself should not be filed under seal. *United States v. Lee Mem'l Health Sys.*, No. 2:14-cv-437-FtM-38CM, 2018 WL 5014534, *3 (M.D. Fla. Oct. 16, 2018) (citing *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) ("The public's right of access to judicial proceedings and records applies to public pleadings filed on the docket, such as a complaint and exhibits to a complaint.")).

If it is impossible or not reasonably practical to present the arguments without divulging the particular contents of the sequestered document for which Lee Health asserts privilege or protection (a document commonly contains both privileged and non-privileged material), or without divulging any particular material within other exhibits that plausibly qualifies for sealing, then the motion challenging Lee

Memorial's privilege or protection claims about the sequestered document may be filed in the public record with the least amount of redactions necessary, and an unredacted motion may be filed under seal. Accordingly, Relator's unopposed motion for leave to file under seal is **GRANTED IN PART**. By **July 1, 2022**, Relator will file its motion challenging Lee Memorial's privilege or protection claims concerning the sequestered document.

If the motion must divulge the particular contents of the sequestered document for which Lee Memorial asserts privilege or protection, or it must divulge particular material within other exhibits that plausibly qualifies for sealing, then it will be filed with the least amount of redactions possible, and an unredacted version will be contemporaneously supplied to the clerk for filing under seal.

Further, by July 1, 2022, the sequestered document and any unredacted version of the motion will be supplied to the clerk as separate PDFs on a flash drive in an envelope, and the outside of the envelope will reference this order. The motion—redacted if necessary—filed with the court via CM/ECF will be accompanied by placeholders and the parties will follow the procedure set forth in Local Rule 1.11(d).

*Before any of these items are filed, the parties must confer to minimize the need for using any placeholders or redactions*. If an unredacted version of the motion is supplied to the clerk for filing under seal, it will be accompanied by

separate PDFs for each exhibit and not any placeholders. The PDF file names will comport with the document naming conventions discussed in the CMSO (Doc. 157).

        **ORDERED** on June 24, 2022.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE