UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGELA D'ANNA
ex. rel. UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                        2:14-cv-437-JLB-NPM

LEE MEMORIAL HEALTH SYSTEM,
and CAPE MEMORIAL HOSPITAL, INC.,

    Defendants.

---

## ORDER

Relator Angela D'Anna requests permission to maintain under seal an unredacted copy of the reply brief (Doc. 252) she filed in further support of her objection to the court's January 13, 2023 order. Consistent with our previously allowing related items to be filed under seal (*see* Doc. 210), it is granted. But it seems the court must clarify, and retreat from a portion of, that June 24, 2022 order.

These sealing issues relate to a dispute about defendants' invocation of attorney-client and work-product privileges to withhold certain items from discovery. The relator originally sought leave to file certain items under seal, including: an audit report that the relator had sequestered when notified of the defendants' privilege claim, her motion to determine defendants' privilege claims, and other exhibits related to the motion. (Doc. 209). Because Civil Rule 26(b)(5)(B)

already authorized the submission of the sequestered document under seal, the issue was whether the relator's motion and its other exhibits should also be sealed. And without the benefit of any briefing on the issue, the court provided for the filing under seal of an unredacted version of the relator's motion and the publicly available filing of a redacted version, with any references to privileged material in the sequestered audit report to be redacted. (Doc. 210). But it seems to have been wrong for us to suggest that the relator—in its unredacted motion under seal—could quote or otherwise refer to the contents of a document that it had sequestered pending the resolution of defendants' privilege claims.

Rule 26(b)(5)(B) plainly states that, with respect to a document sequestered due to a claim of privilege, a party "*must* not use or disclose the information until the claim is resolved." (emphasis added). Nonetheless, the relator—while merely citing two federal district court orders, and none from this court—contends it is "black letter law" that "a party can refer the Court to the contents of the challenged document for the purposes of evaluating the privilege claim." (Doc. 251 at 2). But, despite relator's cherry-picked citations, the law on this matter is anything but hornbook. *See, e.g.*, *In re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155-YGR-VKD, 2022 WL 1316586, *2 (N.D. Cal. May 3, 2022) (noting "there is very little authority addressing the question of whether or under what circumstances a

party may use the contents of a document clawed back as privileged to challenge the privilege asserted").

Notably, relator ignores a previous decision of this court indicating that the rule does not provide "that the receiving party is able to review the inadvertently-produced [*sic*] material for the purpose of determining whether to move the Court to compel it." *In re: Disposable Contact Lens AntiTrust Litig.*, No. 3:15-MD-2626-J-20JRK, 2016 WL 7115998, *4 (M.D. Fla. Oct. 24, 2016). Instead, "when a party makes a claim of privilege pursuant to Rule 26(b)(5)(B), the opposing party has two choices: it may accept the claim or it may challenge the claim by providing the material under seal to the Court for determination of the issue of privilege; *it may not, however, review the material* to determine for itself whether the claimed privilege applies." *United States Equal Emp. Opportunity Comm'n v. George Washington Univ.*, 502 F. Supp. 3d 62, 74 (D.D.C. 2020) (emphasis added).[1]

If a party may not review the privileged material, how can it possibly "refer the court to the contents of the challenged document," as the relator contends? The simple answer—it can't. *See also In re Google RTB*, 2022 WL 1316586, at *3 ("Nothing in Rule 26(b)(5)(B) suggests that, having returned, destroyed, or

---

[1] *See also George Washington Univ.*, 502 F. Supp. 3d at 78 ("having been informed of the University's claim of privilege, the EEOC had the options of accepting the University's representation or bringing the dispute to the Court for determination without reviewing the material. It did neither. The path it chose—reviewing the emails at issue after the University informed the agency that it claimed privilege over those communications—violated Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.").

sequestered the document, the receiving party may nevertheless examine its contents and discuss those contents in briefing before a court" or otherwise "requires the Court to permit the receiving party to examine and brief the contents of the putatively privileged material in challenging the claim of privilege[.]").

This reading of the rule "makes sense." *George Washington Univ.*, 502 F. Supp. 3d at 74. If the privilege or work-product claim is sustained, the recipient of inadvertently disclosed but privileged information never should have received it to begin with.[2] Afterall, when a privileged document is properly withheld, the party contesting the privilege is not entitled to examine it. *In re Google RTB*, 2022 WL 1316586, at *3. So, when a party has sequestered someone else's purportedly privileged information and wishes to challenge the privilege, the proper procedure is to submit the information under seal and to marshal facts independent of its contents to support the challenge. *Id.*

The relator's motion (Doc. 250) to file her unredacted reply brief under seal is **GRANTED**. The clerk is therefore directed to maintain Doc. 252 under seal.

ORDERED on March 4, 2024

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] In fact, Lee Health never produced the document, inadvertently or otherwise. The relator apparently removed the audit report from a Lee Health computer folder titled "Confidential and Privileged Attorney Client and Work Product Communication" when she terminated her employment in 2014. (Doc. 215 at 2).